Lenner PARKER *v.* STATE of Arkansas

RC 89-49                                   792 S.W.2d 619

Supreme Court of Arkansas
Opinion delivered July 16, 1990

Pro Se Motion for Belated Appeal granted.

*Lenner Parker*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

PER CURIAM. In 1989 Lenner Parker filed in this court a timely motion for belated appeal of his conviction for the offense of delivery of cocaine. He alleged in the motion that his retained attorney Morris W. Thompson failed to perfect an appeal despite his request that he do so. Because Mr. Thompson's affidavit submitted in response to the motion and the assertions of Parker were in direct conflict, we remanded the matter to the trial court for an evidentiary hearing and findings of fact. The trial court's findings are now before us.

The trial court found that it had advised appellant of his appeal right and the time limitations for filing a notice of appeal. The court also found that petitioner inquired of his counsel, "What about an appeal?" (The record reflects that the inquiry was immediately after trial.) The court further found that counsel explained the appeal procedure and approximate cost of an appeal and was informed by petitioner that he did not have, and could not get, the money. The court also found that counsel assumed from the fact that petitioner did not mention an appeal again that he did not desire an appeal, and that it was that assumption which caused him not to file a notice of appeal rather than petitioner's inability to pay attorney's fees and costs. The court also found, however, that counsel did not advise petitioner that counsel had a duty to continue to represent him throughout any appeal unless permitted to withdraw by the court. Based on its findings, the court concluded that petitioner did not express a desire to proceed with an appeal until sometime after he was imprisoned, thus waiving his right to appeal through his failure to advise counsel within the thirty days for filing a notice of appeal that he desired to appeal.

Criminal Procedure Rule 36.26 provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

As counsel here was not relieved by the trial court or this court, he was obligated to perfect an appeal, unless his client waived his right to appeal by not informing him that he desired an appeal. *See Davis* v. *State*, 293 Ark. 203, 736 S.W.2d 281 (1987). If a convicted defendant desires an appeal and cannot afford the cost, counsel should file a motion in the trial court to be relieved and a motion asking that the defendant be declared indigent and counsel appointed. *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983). It is well settled that the failure of counsel to perfect an appeal in a criminal case where the defendant desires an appeal amounts to a denial of effective assistance of counsel and is grounds to grant a motion for belated appeal. *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982).

We do not agree with the trial court's conclusion that petitioner waived his appeal right. The testimony at the hearing reflects that petitioner believed that an appeal would cost approximately $10,000.00. Although he may have been aware by an attorney other than Morris Thompson that he could ask for appointment of counsel, it appears that he was discouraged from doing so by being informed that he would probably lose all chance for remaining free on bond if he were found indigent.

As stated, counsel was not relieved by the trial court or this court, and thus his obligation to his client continued. Counsel was not entitled to abandon the appeal solely because there was no money for an appeal. *Miller* v. *State*, 299 Ark. 548, 775 S.W.2d 79 (1989). As Morris Thompson remains attorney-of-record in this case, and the state does not contest petitioner's claim of indigency, we will appoint Morris Thompson to continue with the appeal. A petition for writ of certiorari shall issue to bring up the record. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion granted.