Deloris JACKSON *v.* STATE of Arkansas

CR 96-333                                             923 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered June 3, 1996

*Petitioner,* pro se.

No response.

PER CURIAM. In 1994, Deloris Jackson was found guilty by a jury of murder in the second degree and sentenced to 240 months' imprisonment. Ms. Jackson was represented at trial by her retained attorney, J. Sky Tapp, who filed a timely notice of appeal of the judgment. The appeal was not perfected, and petitioner Jackson has now tendered to this court a partial record of the lower court proceedings with a motion for rule on clerk and an affidavit of indigency, asking that the appeal be allowed to proceed. Petitioner contends that the appeal was not perfected because she did not have the money to pay for the transcript.

Rule 16 of the Rules of Appellate Procedure—Criminal provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout appeal, unless permitted by the trial court or this court to withdraw. Once the notice of appeal is filed with the circuit clerk, only the appellate court can relieve counsel of the obligation to proceed with the appeal. Sup. Ct. Rule 4-3(j)(1). A convicted defendant can

waive her right to appeal by not informing counsel that she desires to appeal, but the timely filing of a notice of appeal in the instant case clearly demonstrates that the petitioner here did not waive her appeal right. *Franklin* v. *State*, 317 Ark. 42, 875 S.W.2d 836 (1994). The direct appeal of a conviction is a matter of right, and a criminal defendant cannot be denied her first appeal because counsel has failed to follow mandatory appellate rules. *See Reagan* v. *State*, 316 Ark. 511, 872 S.W.2d 369 (1994), citing *Evitts* v. *Lucey*, 469 U.S. 387 (1985). To extinguish a defendant's right to appeal because of an attorney's failure to follow procedural rules would violate the Sixth Amendment right to effective assistance of counsel. *Evitts* v. *Lucey, supra. See also Pennsylvania* v. *Finley*, 481 U.S. 551 (1987).

■ Even if there are insufficient funds to pay for the appeal transcript, an attorney cannot abandon the convicted defendant solely because there is no money for an appeal. *Parker* v. *State*, 303 Ark. 185, 792 S.W.2d 619 (1990). An attorney, knowing the convicted defendant desires to appeal, is obliged under Rule 16, regardless of the defendant's financial circumstances, to file the notice of appeal and then file a partial record, consisting of at least the judgment and notice of appeal, in the appellate court with a motion to be relieved containing a statement of the reasons for the request to withdraw. A copy of the motion to be relieved should be mailed to the defendant. *See Lewis* v. *State*, 279 Ark. 149, 649 S.W.2d 188 (1983).

■ Attorney Tapp did not receive permission from the appellate court to be relieved of his obligation to proceed with the appeal in this case and thus remains attorney-of-record. As petitioner Jackson contends that she is now indigent and the State has not contested that assertion, Mr. Tapp is appointed to represent her in this appeal. A writ of certiorari is issued to bring up within ninety days the entire record as designated by Mr. Tapp in the notice of appeal. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion granted; writ of certiorari issued.

DUDLEY, J., not participating.