Will Alfred JAMES *v.* STATE of Arkansas

CR 97-311                                          945 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered June 9, 1997

*James P. Massie*, for appellant.

No response.

Per Curiam. Will Alfred James, by his attorney, has filed a second motion for rule on the clerk. His attorney, James P. Massie, requests that the clerk accept the late record, and he admits in his motion that the record was tendered late due to a mistake on his part. Mr. Massie also requests that this court appoint another counsel in order to relieve him from representation.

We find that an error causing delay in submission of the brief on appeal, admittedly made by the attorney for a criminal defendant, is good cause to grant the motion to allow acceptance of the belated brief. *See In re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam). Because Mr. Massie admits mistake in this second motion, appellant's motion for rule on the clerk to accept the belated record is therefore granted.

Appellant also requests that the court appoint another attorney to represent appellant due to the fact that Mr. James lacks the financial resources to continue this appeal. Once the

notice of appeal has been filed, Rule 16 of the Rules of Appellate Procedure — Criminal requires that trial counsel continue to represent a convicted defendant throughout appeal unless the supreme court relieves counsel and appoints new counsel. *See also* Ark. Sup. Ct. R. 4-3(j)(1). Counsel may not abandon an appeal merely because the client lacks the money for the appeal. *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996). Regardless of the defendant's financial circumstances, when an attorney knows of his desire to appeal, the attorney is obligated to do the following before he may be relieved: (1) file a notice of appeal; (2) file a partial record, consisting of at least the judgement and notice of appeal in the appellate court, along with a motion to be relieved containing a statement of the reasons for the request to withdraw; (3) mail a copy of the motion to be relieved to the defendant. *Id.* at 29, 923 S.W.2d at 281.

This court presently has no knowledge regarding appellant's contractual relationship with Mr. Massie or his financial ability to pay Mr. Massie for services rendered. Until Mr. Massie presents a motion that includes appropriate documentation such as an affidavit of indigency, if applicable, together with a statement of reasons supporting his withdrawal, this court will neither relieve counsel from representation nor appoint new counsel. For the foregoing reasons, we deny the portion of this motion requesting that we appoint another attorney.

The present motion for rule on the clerk is granted in part and denied in part. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.