Carroll Eugene SPILLERS *v.* STATE of Arkansas

CR 00-616                                       19 S.W.3d 35

Supreme Court of Arkansas
Opinion delivered June 22, 2000

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellant.

No response.

PER CURIAM. ■ The appellant, Carroll Eugene Spillers, by new counsel, moves the court for permission to file a belated appeal. He shows this court that he was represented by retained counsel, Steven Risher, at trial on felony drug charges and was convicted. The judgment and commitment order was entered on March 20, 2000. Spillers asserts that he demanded an appeal from his trial counsel, and his trial counsel failed to file a notice of appeal. This, he contends, represents good cause for a belated appeal.

Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

As the record does not reflect that Mr. Risher was relieved as counsel, he was obligated to perfect the appeal, unless movant Spillers waived his right to appeal by not informing him that he desired an appeal within the thirty days allowed to file a timely notice of appeal under Rule 4(a) of the Rules of Appellate Procedure. *Parker v. State*, 303 Ark. 185, 792 S.W.2d 619 (1990). *See also Davis v. State*, 293 Ark. 203, 736 S.W.2d 281 (1987). If counsel knew that Spillers wanted to appeal, even if he believed the appeal to be meritless, it was his obligation to lodge the record in the appellate court and ask to be relieved in accordance with Ark. Sup. Ct. R. 4-3(j).

Spillers maintains he asked for an appeal. The record is silent on whether Mr. Risher agrees or disagrees with this assertion. Because the proper disposition of the motion for belated appeal in this case requires findings of fact which must be made in the trial court, we remand this matter to the circuit court for an evidentiary hearing on the issue of whether former counsel, Mr. Risher, was aware within the time period allowed for filing a notice of appeal that Spillers desired to appeal.

The trial court is directed to enter findings of fact and conclusions of law within ninety days and to submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded.