Steven Victor WERTZ *v.* STATE of Arkansas

CR 07-1155                                                  283 S.W.3d 549

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*Gregory E. Bryant*, for appellant.

No response.

PER CURIAM. Appellant Steven Wertz, by and through his attorney, Gregory E. Bryant, moves this court to file a belated brief. Wertz's brief, after a forty-five day final extension, was due on January 31, 2008. On January 28, 2008, Wertz timely filed a motion to extend the time in which to file his brief, which we denied on February 1, 2008. He then tendered his brief to this court's clerk on February 19, 2008, at which time he filed the instant motion.

■ We will accept a criminal appellant's belated brief to prevent an appeal from being aborted. *See Stewart v. State*, 319 Ark. 242, 889 S.W.2d 771 (1995). However, good cause must be shown to grant the motion. *See, e.g., Strom v. State*, 356 Ark. 224, 147 S.W.3d 689 (2004) (per curiam) (holding that appellate counsel's admitted failure to timely file the brief constituted good cause to grant motion for belated brief); *Brown v. State*, 347 Ark. 362, 64 S.W.3d 274 (2002) (per curiam) (holding that attorney's admitted error was good cause to grant the motion); *James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997) (per curiam).

Here, Mr. Bryant states in the motion that Wertz was sentenced to death. In his motion for extension of time that was previously filed, he stated that the murder for which Wertz was convicted occurred twenty years prior to his conviction. He further stated that one of the issues on appeal is the sufficiency of the evidence involving accomplice corroboration, which is fact intensive and difficult. Finally, he stated that the appeal includes novel issues involving trial error on the admission of evidence.

■ We have been resolute that criminal cases involving the death penalty will be treated with unique attention. *See, e.g., Robbins v. State*, 353 Ark. 556, 561, 114 S.W.3d 217, 220 (2003) ("There is no question but that the death penalty is a unique punishment that demands unique attention to procedural safeguards."). To that end, we have established specific criteria for the appointment of qualified and competent counsel to represent indigent defendants under a sentence of death in postconviction matters. *See* Ark. R. Crim. P. 37.5; *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006).

The instant appeal is a direct appeal of Wertz's conviction and death sentence, which too should be paid unique attention. For the reasons set forth by Mr. Bryant and because this case is one involving the death penalty, we hold that good cause to grant the motion has been shown. We, therefore, grant Wertz's motion to file belated brief.

Motion granted.

HANNAH, C.J., GLAZE and CORBIN, JJ., concur in part and dissent in part.

TOM GLAZE, Justice. Steven Wertz appealed his capital murder convictions and sentence on July 19, 2007. His original brief was due to be filed on December 17, 2007, but he received a forty-five day final extension, making his initial brief due on January 31, 2008. On January 28, 2008, he sought another extension, which this court denied. Because counsel had received two settings for filing his brief, he was instructed that the second setting was his FINAL EXTENSION.[1] In total he had been given 196 days to file his appeal. Counsel nonetheless filed a motion three days before the deadline for another extension, giving as his reasons that the murders with which he was charged occurred twenty years prior to Wertz's arrest for the crimes, causing counsel to have to work ten hours per week from November to mid-January 2007, then up to forty hours for the past four weeks in January and February 2008. Wertz did not tender even a partial brief.

This court exercises its discretion in granting extensions to file briefs, but it has repeatedly referred counsel to the Professional Conduct Committee if he or she failed to file a brief when given a "final extension" in life-sentence cases. See, e.g., Randle v. State, 370 Ark. 528, 262 S.W.3d 138 (2007) (per curiam) (motion granted with attorney Ronald Nichols referred to Committee); Strong v. State, 370 Ark. 479, 261 S.W.3d 453 (2007) (per curiam) (motion granted with attorney Randy Miller referred to Committee); Navarro v. State, 368 Ark. 681, 249 S.W.3d 811 (2007) (per curiam) (motion granted with attorney Susan Lusky referred to Committee); Terry v. State, 366 Ark. 441, 236 S.W.3d 495 (2006) (per curiam) (motion granted with attorney Ronald Nichols referred to Committee); Smith v. State, 363 Ark. 251, 213 S.W.3d

---

[1] The notice was in capital letters.

2 (1995) (per curiam) (motion granted with attorney Jesse Kearney referred to Committee); *Jackson v. State*, 361 Ark. 144, 205 S.W.3d 137 (2005) (per curiam) (motion granted with attorney William Howard referred to Committee); *Strom v. State*, 356 Ark. 224, 147 S.W.3d 689 (2004) (per curiam) (motion granted with attorney Kathy Hall referred to committee).

While I am aware of this court's granting of additional time after the attorney was given a "final extension," it has done so only when an extraordinary event occurred, such as a health condition, inclement weather, or other similar reason. *No such reason has been offered here.* Of even more importance, our Clerk's records reflect that in the death cases filed since 1998, nineteen had been given final extensions, but in each of the cases the attorneys tendered a brief no later than the deadline.[2]

I am also quite aware of *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003), and this court's rule that a death sentence is a unique punishment that demands unique attention to procedural safeguards. Our court's criminal appellate rules ensure that death cases receive the special attention they deserve. *See* Ark. R. App. P.–Crim. 10. However, the per curiam misses the point. Mr. Wertz's motion for belated appeal will be granted whether his attorney did or did not meet this court's final extension and deadline. All members of this court are well aware of the court's procedures in criminal cases.

The sole issue is limited to whether the attorney had good cause for the pending delay or admits he was at fault in failing to meet the deadline. In order to move its docket, this court must have the discretion to decide whether the attorney was at fault or had shown good cause, which I submit should be more reason than "the attorney has been appointed to a death case." As pointed out above, an extraordinary event must have caused the delay in filing, not merely that the case involves sufficiency-of-the-evidence and accomplice-liability issues that are "fact intensive and difficult."

Fortunately, most attorneys are compliant in filing briefs, but on a few occasions, an attorney has simply failed to meet a final deadline, requiring this court to grant a motion to file a belated brief, but also requiring us to send the attorney's name to the Professional Conduct Committee. This referral action was

---

[2] In a few instances, attorneys stated that documents in the record were missing that were necessary to complete his or her brief.

adopted by the court so it could enforce compliance with our criminal appellate rules. This procedure is a bright-line rule that assures all attorneys will be treated the same regarding requests for extensions in criminal cases after a final extension had been given. The rule adopted by the majority per curiam will simply mean that attorneys appointed to death cases will not be subject to referral to the Committee when other attorneys may be.

Over the past years, this court has tried its best to be sure all attorneys are treated fairly and consistently in these matters. These procedures were adopted and implemented by this court to achieve the goals set out above. In this case, the court's majority per curiam ignores the court's own rules of law. To be consistent with prior precedent, I would grant Mr. Gregory Bryant's motion to file a belated brief, but I would refer him to the Committee.

HANNAH, C.J., and CORBIN, J., join.