2009 Ark. 191

**Donald THOMPSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–249.**

Supreme Court of Arkansas.

April 9, 2009.

Cindy M. Baker, Berryville, for appellant.

No response.

**PER CURIAM.**

Appellant Donald Thompson, by and through his attorney Cindy M. Baker, has filed a motion for belated appeal. The State filed a petition to revoke Thompson's suspended sentence that had been entered on July 5, 2008, pursuant to a plea agreement. At a hearing on July 21, 2008, the Carroll County Circuit Court revoked Thompson's suspended sentences and ordered him to report to the Carroll County Sheriff's Office on July 28, 2008. The judgment and commitment order reflecting the court's decision was entered on July 28, 2008. However, on July 25, 2008,

Thompson filed a motion for new trial, which was denied in an order entered on August 5, 2008. The deadline for Thompson's notice of appeal thus fell on September 4, 2008. *See* Ark. R.App. P.-Crim. 2(a)(3).

According to Thompson's motion, Baker notified Thompson that a notice of appeal would need to be filed within thirty days, but he expressed reservations about whether he ₂would want to appeal. He further said that he would have his mother and girlfriend get estimates of how much an appeal would cost and would "have them get back to" Baker. Baker contacted Thompson's mother and girlfriend on September 2, 2008, to ask whether Thompson wanted to pursue an appeal. The mother and girlfriend both told Baker that Thompson would be calling them that day with an answer, and they would contact Baker before the end of the day. However, Baker never heard back from Thompson, his mother, or his girlfriend.

On September 17, 2008, Thompson contacted Baker's office. Although Baker was out of the office at the time, Thompson left a message asking her to visit him in the jail the next day. Baker went to the jail to meet with Thompson on September 18, 2008. At that time, Thompson stated that he wanted to appeal and had the money to do so, but that he had been on administrative lockdown at the time his answer was due and unable to have visitors or make phone calls to anyone. That same day, Baker filed a notice of appeal on Thompson's behalf in Carroll County Circuit Court.[1] The present motion for belated appeal was filed in this court on March 10, 2009.

■ If a petitioner fails to timely file a notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with ₃proper procedure. Ark. R.App. P.-Crim. 2(e); *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam). Relief from the failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Where it is plain from the motion, affidavits, and record that relief is proper under Rule 2(e), based upon error or good reason, this court will grant a belated appeal. *Id.* However, where a motion seeking relief from failure to perfect an appeal is filed, and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *Id.* The matter of attorney error will be remanded to the trial court to make findings of fact. *Id.* (citing *Frazier v. State*, 339 Ark. 173, 3 S.W.3d 334 (1999)). Upon receipt by this court of the findings, this court will render a decision on attorney error. *Id.*

■ In the instant motion for belated appeal, Baker asserts on Thompson's behalf that his inability to communicate his desire to appeal to his attorney constitutes good cause for granting the motion. She does not admit fault. Because the allegations in the motion for belated appeal raise questions of fact, we remand this matter to the trial court for an evidentiary hearing on the circumstances surrounding Thompson's alleged inability to communicate with counsel. The circuit court is directed to provide findings of fact detailing when and whether Thompson was placed in administrative lockdown and prohibited from

---

1. Thompson subsequently filed a motion in circuit court for an extension of time in which to lodge the record. Although the order was purportedly granted, Thompson alleges that the court reporter failed to include a copy of that order in the record and asserts that, if this motion for belated appeal is granted, he will file a motion to correct the record.

communicating with anyone, including his attorney. These findings are to be provided to this court within forty-five days.

Remanded.