2009 Ark. 342

**Donald THOMPSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–249.**

Supreme Court of Arkansas.

June 4, 2009.

Cindy M. Baker, Berryville, for appellant.

No response.

PER CURIAM.

Appellant Donald Thompson, by and through his attorney, Cindy M. Baker, has filed a motion for belated appeal.

Thompson's notice of appeal in this case was due on September 4, 2008. In his original motion for belated appeal, filed on March 10, 2009, Thompson argued that his notice of appeal had not been filed until September 18, 2008, because he had been placed on administrative lockdown at the jail and had not been permitted to contact his attorney to tell her that he wanted to appeal. At that time, we determined that it was not plain from the motion, affidavits, or record whether there was attorney error, and we remanded the matter to the circuit court for entry of findings of fact regarding Thompson's alleged inability to communicate with his attorney during a period in which he was on administrative lockdown at the jail. *See Thompson v. State*, 2009 Ark. 191, 305 S.W.3d 425 (per curiam).

Following this court's remand, the circuit court conducted an evidentiary hearing at which the court heard the testimony of appellant Thompson; attorney Cindy Baker; Thompson's mother, Sharon Benda; Captain Archie Rousey of Carroll County Sheriff's Office; Sergeants Patricia Wood and Juan Cribbs and retired Sergeant Walter Noftsger of the Sheriff's Office; and Corporal Christine Clark of the Sheriff's Office. After the hearing, the circuit court entered an order in which it found that Thompson had been on lockdown from August 19 to August 25, 2009, and that during that time, Thompson had not been prohibited from contacting his attorney. The court also noted that, during the first three weeks of Thompson's incarceration, he had spoken to and attempted to speak with his attorney, and that his attorney was made aware of his desire to see her and discuss the appeal.

The court pointed to the testimony of the Sheriff's Office personnel. Captain Rousey indicated that even when a prisoner is on lockdown, he is not denied access to his attorney and may speak to his attorney on the phone or communicate by mail. Captain Rousey also testified that the only time attorney Baker spoke to Thompson at the jail was on September 18, 2008. However, the jail staff also noted that Thompson never asked to speak to his attorney while he was in lockdown, apparently assuming that he would not be allowed to speak to her.

The court described the testimony of Thompson's mother, Sharon Benda, who stated that she had spoken to her son twice weekly at the jail, and that she had communicated her son's desire to appeal to Baker. Benda said that she had the money for the appeal as early as July but that she was not aware that Baker wanted the money before the appeal was filed. The court stated that it believed that Benda

had the money to pay Baker for the appeal before Thompson went to jail; that Thompson had initially been uncertain about the appeal but later communicated his desire to appeal; and that Thompson repeatedly asked Benda to have Baker contact him.

Cindy Baker also testified at the hearing. She stated that she had spoken to Thompson after he was incarcerated and that he had advised her that his girlfriend and mother would be trying to get the money for his appeal; however, the court noted that this testimony contradicted Benda's testimony, described above, that Thompson had the money for the appeal earlier. Although Baker testified that she was communicating with Benda and had no reason to believe that Benda would not communicate Thompson's wishes, the court found that her testimony contradicted Thompson and Benda's assertions that Thompson asked to speak with Baker and that Benda had communicated Thompson's desire to appeal. The court noted Thompson's testimony that he had been permitted to use the phone at the booking desk to call Baker's office on August 26, 2008, as soon as he was released from lockdown, but Baker offered no explanation for her failure to go to the jail and see her client until September 28, 2008. The court described Baker as an "experienced attorney who concentrates her practice in the area of criminal law" and stated its belief that she was "familiar with the jail policies and . . . knew she could see her client at any time."

Regarding the original motion for belated appeal, the circuit court found that Baker's statements in that motion—that Thompson had been in lockdown when the appeal was due—were untrue. The court further found that Baker's statement in the motion to the effect that Thompson had no access to a telephone or mail dur-

ing that time were also untrue. The court determined that the statements in the motion were "unsupported by the testimony of the defendant, his mother, and law enforcement."

Moreover, the court credited Thompson's testimony that Baker's secretary brought the affidavit in support of the motion to the jail and waited for Thompson to sign it. Many of the statements in the affidavit, however, the court found to be untrue. For example, the court pointed to the averments that Thompson was in lockdown and could not communicate with anyone for a week, and the statement that Thompson was unable to secure funding for his appeal until September 18, 2008. The circuit court stated flatly that these statements were false.

The court concluded its factual findings by stating that Thompson had been placed in lockdown from August 19, 2008, until August 25, 2008, and that he was not prohibited from calling or seeing his attorney during this time. The court found that the testimony given in open court did not support the allegations made in the motion for belated appeal and that the statements made in the affidavit in support of the motion were untrue.

From the circuit court's findings of fact, we conclude that Thompson did timely communicate his desire to appeal to his attorney via his mother and had the funds available to pay counsel to pursue the appeal. However, his attorney did not contact him until well after the time for filing the notice of appeal had expired. In support of this conclusion, we note the trial court's crediting of Thompson's testimony that he called Baker on August 26, as soon as he was released from lockdown. Baker, however, undisputedly did not contact Thompson until September 18, 2008, and she gave no explanation for her failure to visit her client in order to ascertain his wishes regarding his appeal.

When the judgment is entered in a criminal case and the trial attorney is made aware by the convicted defendant that the defendant desires to appeal within the thirty-day period from the date of judgment for filing a notice of appeal, counsel is obligated to file a timely notice of appeal. *Spillers v. State*, 341 Ark. 749, 19 S.W.3d 35 (2000) (per curiam). The obligation to file the notice of appeal and to preserve the appeal by lodging at least a partial record in the appellate court is not affected by counsel's inexperience with appellate work, |₆the convicted defendant's financial status, or counsel's belief that the defendant could not prevail on appeal. *See Mallett v. State*, 330 Ark. 428, 954 S.W.2d 247 (1997) (per curiam); *see also James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997) (per curiam).

The obligation to preserve the appeal also exists if retained counsel believes the appellant to be capable, but unwilling, to pay the costs of the appeal. In no event may counsel simply abandon an appeal. It is well settled that under no circumstances may an attorney who has not been relieved by the trial court fail to preserve an appeal when the convicted defendant timely communicates to counsel his desire to appeal. *Ragsdale v. State*, 341 Ark. 744, 19 S.W.3d 622 (2000) (per curiam); *Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000) (per curiam).

Given the facts as found by the circuit court, we conclude that Thompson's motion for belated appeal should be granted, and we direct the clerk of this court to accept the record and docket this appeal. However, we refer his attorney, Cindy Baker, to the Supreme Court Committee on Professional Conduct.

Motion for belated appeal granted.