SLIP OPINION

Cite as 2015 Ark. 39

# SUPREME COURT OF ARKANSAS

No. CR-14-636

| | |
|---|---|
| MICHAEL ANTHONY MERCOURI  PETITIONER | Opinion Delivered February 5, 2015 |
| V. | PRO SE MOTION TO APPOINT NEW COUNSEL  [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-13-1755] |
| STATE OF ARKANSAS  RESPONDENT | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | MOTION GRANTED; WRIT OF CERTIORARI ISSUED. |

## PER CURIAM

On January 26, 2014, a judgment-and-commitment order was entered in the Pulaski County Circuit Court reflecting that petitioner Michael Anthony Mercouri had been found guilty by a jury of aggravated robbery and was sentenced to 120 months' imprisonment. Petitioner was represented at trial by privately retained counsel, David Littlejohn. Though represented by counsel, petitioner timely filed a pro se notice of appeal on his own behalf on February 5, 2014. On February 6, 2014, the circuit court entered an order noting that petitioner had attempted to file a pro se petition for leave to proceed in forma pauperis on appeal and admonishing petitioner that, until Littlejohn was relieved as the attorney of record, petitioner was not permitted to file any pro se pleadings on his own behalf.[1]

On May 2, 2014, petitioner tendered a partial record to the Clerk of the Arkansas Court

---

[1]The partial record before us does not contain an order relieving Littlejohn as the attorney of record.

SLIP OPINION

of Appeals. The clerk declined to lodge the record, and Littlejohn was notified by the clerk's office on May 5, 2014, that he remained the attorney of record. On July 22, 2014, Littlejohn filed in this court a petition for writ of certiorari to complete the record and a motion to withdraw as counsel. Both the petition and the motion were denied without prejudice by Per Curiam Order on September 4, 2014. No further action has been taken by Littlejohn to perfect the appeal.

Now before us is petitioner's pro se motion to appoint new counsel. Appended to the motion is an affidavit setting forth petitioner's indigent status pursuant to Arkansas Supreme Court Rule 6-6 (2014). In the motion, petitioner requests that Littlejohn be relieved as the attorney of record and that new counsel be appointed to represent petitioner in connection with his direct appeal. Neither Littlejohn nor the State has filed a response to the motion.

Arkansas Rule of Appellate Procedure–Criminal 16(a) provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. When judgment is entered in a criminal case and the trial attorney is made aware by the convicted defendant that the defendant desires to appeal within the thirty-day period from the date of judgment allowed by Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) for filing a notice of appeal, counsel is obligated to file a timely notice of appeal. *Charland v. State*, 2010 Ark. 233 (per curiam); *Spillers v. State*, 341 Ark. 749, 19 S.W.3d 35 (2000) (per curiam). Under no circumstances may counsel simply abandon the convicted defendant if timely advised of the desire to appeal from the judgment. *Camp v. State*,

2010 Ark. 193 (per curiam); *Thompson v. State*, 2009 Ark. 342, 322 S.W.3d 12 (per curiam).

There is no question here that petitioner desired to appeal the judgment of conviction as of February 5, 2014, when he timely filed a notice of appeal on his own behalf, and Littlejohn was thus obligated to represent petitioner until such time that he was permitted by the appellate court to withdraw. *See* Ark. R. App. P.–Crim. 16(a)(iii) ("If a notice of appeal of a conviction has been filed with the trial court, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel."). Littlejohn failed to protect petitioner's right to appeal as he has yet to perfect the appeal by lodging a complete record in the appellate court, thereby leaving petitioner without the effective appellate representation guaranteed to a convicted criminal defendant by the Sixth Amendment. *Holland v. State*, 358 Ark. 366, 190 S.W.3d 904 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). The direct appeal of a conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Id.*; *Charland*, 2010 Ark. 233.

Due to Littlejohn's lack of diligence in perfecting petitioner's appeal, we hold that justice requires us to relieve Littlejohn as the attorney of record in the instant case, and, inasmuch as the State has not filed a response contradicting petitioner's asserted indigency, we find that petitioner is indigent and therefore grant his request for the appointment of new counsel. We appoint John Ogles to represent him in connection with this appeal.

Because petitioner's newly appointed attorney will be unfamiliar with the facts of the case and because of the necessity of a full record for the appeal of the judgment of conviction, a writ

3

of certiorari will issue to the Pulaski County Circuit Court to bring up the remainder of the record for the appeal within thirty days of the date of this opinion. We direct our clerk to accept the complete record and to permit the appeal to proceed. A briefing schedule will be set for the appeal upon receipt of the full record.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion granted; writ of certiorari issued.

*Michael Anthony Mercouri*, pro se petitioner.

No response.