COURTNEY HUDSON GOODSON, Associate Justice
Sheila McHughes, along with attorneys David Hodges and Josh McHughes, appeals the order of the Saline County Circuit Court granting the motion for sanctions filed by appellees Anissa Wayland and Children's Medical Transportation Service, LLC. For reversal, appellants argue that the circuit court erred by (1) granting appellees' motion for sanctions and denying their motion for sanctions; (2)
*862 denying their motion to recuse; (3) denying their motion for reconsideration; and (4) denying counsels' first motion to withdraw. We dismiss the appeal for lack of a final order.
The underlying case began when Sheila McHughes filed a complaint on July 25, 2013. In the complaint, Sheila McHughes alleged that she was stopped at an intersection on U.S. Highway 229 in Haskell on August 8, 2011, when she was hit from behind by a vehicle owned by Children's and operated by Wayland, who was a Children's employee. Throughout the litigation, Sheila McHughes claimed that the accident caused her abdominal pain.
Rule 11(b) of the Arkansas Rules of Civil Procedure provides that the signature of an attorney or a party on motions or other papers constitutes a certification that he or she has made a reasonable inquiry and, among other things, believes that
(1) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support[.]
Ark. R. Civ. P. 11(b) (2018).
After appellees discovered inconsistencies in Sheila McHughes's testimony and discovery responses, appellees filed a motion for sanctions seeking dismissal of the complaint and an allocation of costs and fees. On October 4, 2017, the circuit court entered an order granting appellees' motion. In pertinent part, the order stated that
this matter is dismissed with prejudice to the refiling of same. All court costs are assessed against She[ila] McHughes, David Hodges and Josh McHughes. Further, attorney fees incurred by Defendants are assessed against She[ila] McHughes, David Hodges and Josh McHughes. Defendants shall submit an affidavit, invoices or other reliable documentary evidence of their court costs, including expert witness fees and court reporter fees, and attorney fees, to Ms. McHughes, Mr. Hodges and Mr. McHughes within twenty days of this order. If Ms. McHughes, Mr. Hodges or Mr. McHughes dispute any of the submitted expenses and attorney fees, they shall notify this Court within ten days of receiving the costs and attorney fees from Defendants and request a hearing on the amount of the costs.
No order setting or apportioning costs and fees is part of the record. Appellants filed a notice of appeal on October 30, 2017. Appellants also filed a motion for reconsideration on October 27, 2017. On January 24, 2018, appellants filed a notice of appeal from the circuit court's order denying their motion for reconsideration. The two appeals were initially docketed as separate appeals, but they have since been consolidated.
As a threshold issue, we must determine whether the order being appealed is a final, appealable order pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Chitwood v. Chitwood , 2013 Ark. 195, 2013 WL 1932916. With exceptions not applicable here, an appeal may be taken only from a final judgment or decree entered by the circuit court. Ark. R. App. P.-Civ. 2(a)(1) (2018). Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte.
*863 Searcy Cty. Counsel for Ethical Gov't v. Hinchey , 2011 Ark. 533, 2011 WL 6275291.
Because our Rule 11 and Rule 11 of the Federal Rules of Civil Procedure are substantially identical, we consider interpretation of these rules by federal courts to be of significant precedential value. City of Fort Smith v. Carter , 364 Ark. 100, 216 S.W.3d 594 (2005). Federal courts have held that a Rule 11 case is not final until the monetary sanction has been reduced to a sum certain. See Cooper v. Salomon Bros. Inc. , 1 F.3d 82 (2d Cir. 1993) (holding that court lacked jurisdiction to review imposition of Rule 11 sanctions until district court reduced amount of sanctions to sum certain); see also S. Travel Club v. Carnival Air Lines, Inc. , 986 F.2d 125, 129-30 (5th Cir. 1993) (holding that a Rule 11 order is not final when it made a "liability" determination but did not compute the "damages"); Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc. , 873 F.2d 1327, 1329 (9th Cir. 1989) (holding that an order imposing sanctions but not setting an amount was not final or appealable); Gates v. Cent. States Teamsters Pension Fund , 788 F.2d 1341, 1343 (8th Cir. 1986) (holding that a claim for attorney's fees should be treated as a matter independent and collateral to the merits of the litigation, but an order finding liability for attorney's fees without a determination of a specific amount was not final).[1]
In some cases, a Rule 11-sanction motion raises a "collateral and independent claim, not a matter integral to the merits of the action." Crocket & Brown, P.A. v. Wilson , 321 Ark. 150, 158, 901 S.W.2d 826, 830 (1995). In such situations, an unresolved issue as to whether sanctions should be imposed, or the amount of any monetary sanctions to be awarded, does not defeat the finality of a judgment on the merits of the underlying action. For example, in Crocket & Brown , although a final judgment on the parties' underlying action had been previously entered and appealed, we held that the circuit court retained jurisdiction to rule on the Rule 11 requests for sanctions. Likewise, we have held that the circuit court's failure to rule on a motion for Rule 11 sanctions filed before a jury trial did not prevent entry of a final judgment on the merits after the trial. Spring Creek Living Ctr. v. Sarrett , 318 Ark. 173, 883 S.W.2d 820 (1994). In this instance, however, Sheila McHughes and both of her attorneys were sanctioned. The circuit court assessed costs against all three, and the dismissal of the case is part of the sanction. The case was dismissed because the circuit court determined that Sheila McHughes and her two attorneys submitted pleadings and other papers in violation of Rule 11. In other words, there is no basis for dismissal independent of the sanction itself. Under these particular facts, we conclude that the Rule 11 order is not final.
Appeal dismissed.

Additionally, when a monetary sanction is imposed, our Rule 11(c)(3) requires the order to "explain how it was determined."