Cite as 2019 Ark. 367

# SUPREME COURT OF ARKANSAS

No. CR-19-51

| | | |
|---|---|---|
| JAMES D. CRIBBS | | **Opinion Delivered** December 12, 2019 |
| | PETITIONER | |
| | | |
| V. | | PRO SE MOTION FOR BELATED APPEAL |
| | | [PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION, NOS. |
| STATE OF ARKANSAS | | |
| | RESPONDENT | 60CR-16-3944; 60CR-16-3964] |
| | | |
| | | MOTION GRANTED; IN FORMA PAUPERIS STATUS GRANTED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner James D. Cribbs was convicted of several drug charges and fleeing at two separate trials held the same day, and he filed a pro se motion for belated appeal of the 2018 judgments in this court. Cribbs contended that his retained trial counsel, Josh Hurst, failed to pursue an appeal on his behalf, and he requested permission to proceed as a pauper. This court remanded for findings of fact and conclusions of law concerning Cribbs's indigency and—to dispose of the issues regarding a belated appeal—whether and when counsel was informed by Cribbs that he desired not to appeal, as Hurst appeared to contend, and whether counsel complied with Rule 16 of the Arkansas Rules of Appellate Procedure–Criminal (2018). *Cribbs v. State*, 2019 Ark. 158.

The supplemental record on remand is now before this court. It includes the trial court's order finding that Cribbs is indigent, that there was "insufficient evidence petitioner

did not wish to appeal," and that counsel did not comply with Rule 16. We adopt the trial court's findings and grant the motion for belated appeal.

When a case is remanded to the trial court for a factual determination regarding a motion for belated appeal, and the merits of that motion rest on the credibility of the witnesses, this court recognizes that it is the trial court's task to assess the credibility of the witnesses. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). This court does not attempt to weigh the evidence or assess the credibility of the witnesses because that lies within the province of the trier of fact. *Id.* This court is bound by the fact-finder's determination on the credibility of witnesses and has long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.* We do not reverse a trial court's findings of fact unless they are clearly erroneous. *Id.*

In this case, as the trial court concluded, counsel admittedly was aware that Cribbs wished to appeal, and he did not receive direction from Cribbs not to appeal. Because Cribbs is entitled to a direct appeal as a matter of right, our clerk is directed to lodge the partial record. *See Cox v. State*, 2017 Ark. 209. Although the motion before us was filed by Cribbs pro se, Hurst remains attorney of record, and the appeal is to be docketed reflecting as much. *Id.* Cribbs is granted in forma pauperis status for the purpose of having the transcript prepared for the appeal, and Hurst is directed to file an appropriate petition for writ of certiorari to complete the record lodged for the appeal within fourteen days from the date

of this order.[1] When the supplemental record is received, our clerk will set the briefing schedule for the appeal.

Motion granted; in forma pauperis status granted.

---

[1]As this court noted in *Cox*, if Hurst would seek to be appointed in order to be eligible to file a motion for fees in the matter, or if he wishes to withdraw, he should file an appropriate motion promptly.