Cite as 2020 Ark. 161

# SUPREME COURT OF ARKANSAS

No. CR-19-613

| | |
|---|---|
| TYRELL BENSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: April 23, 2020<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NOS. 60CR-02-1695, 60CR-02-1978]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><u>REMANDED WITH INSTRUCTIONS</u>. |

**SHAWN A. WOMACK, Associate Justice**

Tyrell Benson appeals the denial of his motion to apply the parole provision of the Fair Sentencing of Minors Act to his sentence. The absence of a final order in this case precludes our review. We remand with instructions for the circuit court to enter a final written order addressing Benson's motion.

According to the record, the circuit court orally denied Benson's motion from the bench. The court concluded that the motion exceeded the scope of our mandate issued in *Benson v. Kelley*, 2018 Ark. 333, 561 S.W.3d 327. It instructed the prosecutor to prepare a precedent order. Yet, no order was entered. The only other record evidence of a ruling on the motion is a docket notation stating, "Judge Note Motion Denied."

Benson subsequently requested entry of a final written order. In response, the circuit court provided a letter stating that "because the court ruled from the bench

dismissing [the motion], there will be no written order." Benson was provided a copy of the docket sheet, "where Judge Piazza indicated his oral ruling." Though Benson's request is in the record, the circuit court's response is found only in Benson's addendum.

Whether an order is final and subject to appeal is a jurisdictional issue that we will raise sua sponte. *See McHughes v. Wayland*, 2019 Ark. 143, at 3, 572 S.W.3d 861, 862. We have long held that a docket notation is not the entry of a final judgment. *See Reeves v. State*, 263 Ark. 227, 231, 564 S.W.2d 503, 505 (1978); *Middleton v. Lockhart*, 364 Ark. 32, 37, 216 S.W.3d 98, 101 (2005). Under our rules, every judgment or decree shall be set forth on a separate document. *See* Ark. R. Civ. P. 58 (2018). A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2. *Id.*

There is simply no record evidence of a final, appealable order in this case. The docket notation merely states "motion denied." This vague note does not constitute a final order. We are consequently unable to reach the argument on appeal. We remand this case to the circuit court for entry of a final order addressing Benson's motion.

Remanded with instructions.

*Tyrell Benson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

2