Cite as 2020 Ark. 204
# SUPREME COURT OF ARKANSAS
No. CR-19-732

| | |
|---|---|
| GREGORY J. MARTIN<br>PETITIONER | **Opinion Delivered:** May 21, 2020 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE MOTION FOR BELATED APPEAL [MILLER COUNTY CIRCUIT COURT, NO. 46CR-17-440]<br><br>REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW. |

**COURNTEY RAE HUDSON, Associate Justice**

On June 21, 2018, petitioner Gregory J. Martin was convicted of aggravated robbery for which he was sentenced to 156 months' imprisonment in the Arkansas Department of Correction. On September 19, 2019, a partial record was tendered to this court, and on the same date, Martin filed the motion for belated appeal that is now before this court requesting leave to proceed with a belated appeal of his conviction. In his motion, Martin alleges that he informed his retained trial counsel, Jasmine Crockett, of his desire to appeal, but she did not file a notice of appeal. Crockett responded in an affidavit and disputes the account. Because proper disposition of this case requires findings of fact, the matter is remanded to the circuit court for an evidentiary hearing.

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the circuit court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i). A defendant may nevertheless waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Beene v. State*, 2018 Ark. 120.

Martin contends that he asked Crockett to file a notice of appeal but that she did not file one and "has[] n[o]t responded to the many attempts to contact her to fix the situation." Crockett's affidavit notes that her records indicate that on the day of the verdict, she and Martin signed "documents" regarding indigency and a motion to withdraw and appoint another attorney and that she submitted a proposed order to the circuit court on June 25, 2018, relieving her as counsel. There is, however, "nothing in the clerk's file regarding that order." Crockett further notes that Martin knew she would not represent him on appeal because the matter was discussed when she was initially retained, and Martin and his family were advised that if an appeal was sought, another attorney would be required. Crockett states that she has not communicated with Martin or his family since she submitted the motion to withdraw, and her records did not indicate that Martin made a formal request for appeal because she told him that he would need an appellate attorney.

The record tendered on appeal does contain a motion for indigency filed by Crockett on June 21, 2018, stating that Martin wished to appeal and that he was requesting indigency status. The record further indicates that a motion to withdraw as counsel and appointment of new counsel was filed on June 22, 2018, stating that Crockett had been "fired" from representing Martin. Subsequently, an order of indigency for purposes of appeal was entered. No order granting the motion to withdraw as counsel is in the record. Although the motion for indigency and motion to withdraw as counsel and for appointment of counsel contain a statement that acknowledges Martin's desire to appeal, Crockett's affidavit—which stated that her records did not indicate that Martin had made a formal request for an appeal—contradicts the assertion that Martin sought an appeal.[1]

Because the record does not contain an order relieving Crockett as counsel and because the motions that Crockett filed below contradict the assertions made in Crockett's affidavit, the question remains whether Martin advised Crockett of his desire to pursue an appeal within the time allowed to file a timely notice of appeal and whether Crockett was relieved as counsel and complied with Rule 16. *See Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). Because proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the circuit court, we remand this matter to the circuit court for an evidentiary hearing on the issue of whether and when Crockett was

---

[1]Crockett noted that she and Martin signed "documents" regarding both motions on the day of the verdict. It is unclear what those documents may have been; however, neither motion has been signed, acknowledged by, or served on Martin. The motion for indigency is accompanied by an affidavit of indigency that appears to have been signed by Martin.

informed by Martin that he wished to appeal his conviction and whether Crockett complied with Rule 16. The circuit court is directed to enter "Findings of Fact and Conclusions of Law" and submit those findings and conclusions to this court with the transcript of the evidentiary hearing within ninety days.[2]

Remanded for findings of fact and conclusions of law.

---

[2]An order granting Martin's motion for indigency for purposes of appeal was filed on June 22, 2018, the day after Martin appeared before the circuit court for sentencing. Because the circuit court has previously made an indigency finding for purposes of an appeal, it is not required to make further findings regarding Martin's indigency status during the evidentiary hearing. *See Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000) (setting out the criteria to be used in determining the indigency of a defendant).