Cite as 2021 Ark. 77

# SUPREME COURT OF ARKANSAS

No. CR-19-695

| | |
|---|---|
| JEFFREY MAREK<br>PETITIONER | **Opinion Delivered** April 15, 2021 |
| V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE MOTION FOR BELATED APPEAL AND MOTION FOR APPOINTMENT OF COUNSEL [SALINE COUNTY CIRCUIT COURT, NO. 63CR-18-399]<br><br>MOTION FOR BELATED APPEAL GRANTED; IN FORMA PAUPERIS STATUS GRANTED; MOTION FOR APPOINTMENT OF COUNSEL MOOT; REMANDED TO THE COURT OF APPEALS FOR FURTHER ACTION. |

**KAREN R. BAKER, Associate Justice**

In September 2019, petitioner Jeffrey Marek lodged a partial record and filed a motion for belated appeal and a motion for appointment of counsel in connection with his conviction for aggravated assault on a family member for which he was sentenced to 120 months' imprisonment. The partial record reflected that a sentencing order was entered on October 22, 2018, and an amended sentencing order was entered on January 4, 2019. Due to conflicts between the allegations set out in Marek's motion for belated appeal and the affidavit filed by his trial counsel, David Cannon, this court remanded the matter to the circuit court for findings of fact with regard to whether Marek had waived his right to an

appeal and whether Marek is entitled to proceed as a pauper. A review of the record on remand demonstrates that Marek is entitled to proceed with a belated appeal and that Marek is indigent.

## I. *Findings on Remand*

On September 30, 2020, the circuit court filed its findings of fact and conclusions of law and attached a copy of the transcript of the sentencing hearing conducted by the original trial judge on October 18, 2018, wherein Marek was sentenced for assault and subjected to an additional sentence of ten years' suspended imposition of sentence (SIS) for a parole violation in case number 63CR-13-166. Following the filing of the circuit court's order pursuant to this court's remand order, the supplemental record was lodged on October 5, 2020, which contained the transcript of the hearing on Marek's motion for belated appeal with attached exhibits that included correspondence between Marek and Cannon.

The testimony at the hearing reflects that after Marek was convicted of assault, the court did not advise him of his right to appeal. Further, the evidence shows that Cannon admitted meeting and discussing an appeal with Marek soon after Marek's conviction for assault. Cannon advised Marek that the decision to appeal should be delayed until after Marek was sentenced. Following the sentencing hearing, Cannon sent a letter to Marek dated November 7, 2018, advising Marek that it would cost $4,500 to prepare a record and pursue an appeal. The letter did not, however, advise Marek of his right to appeal or of Marek's ability to seek leave to proceed as a pauper. Marek responded to Cannon's letter on November 9 wherein Marek indicated that he wished to appeal, that he believed Cannon

2

would handle the appeal at no cost, and that he could not afford the amount of money quoted by Cannon. Marek did not tell Cannon not to appeal his conviction. Cannon did not respond to Marek's letter, did not file a motion to withdraw as counsel, and did not file a notice of appeal.

In its findings of fact, the circuit court noted that Marek had not been advised of his right to appeal by the trial court and was not so advised by his counsel. The circuit court found that the testimony of both Marek and Cannon was credible and that Marek was currently indigent. In its conclusions of law, the circuit court was unsure of the petitioner's burden of proof and stated that if the burden is to resolve all doubts in favor of the petitioner, then Marek should be granted a belated appeal but that if the burden of proof is whether it is more likely than not that Marek made it clear that he wanted to appeal, then the evidence shows that Marek failed to do so.[1] Finally, the circuit court questioned whether a belated appeal of the aggravated-assault conviction would ultimately have an adverse effect on the

---

[1]The circuit court also questioned whether Marek's motion for belated appeal should also include an appeal of the trial court's revocation of Marek's parole and imposition of an additional sentence in case number 63CR-13-166. The partial record filed in connection with Marek's motion for belated appeal included the sentencing orders for case number 63CR-18-399, and there is no record before this court that includes a sentencing order with regard to case number 63CR-13-166. This court does not address appellate arguments when the record does not include a final, appealable order. *Benson v. State*, 2020 Ark. 161.

suspended sentence imposed as a result of Marek's parole violation such that Marek would ultimately receive a harsher sentence in place of the suspended sentence.[2]

## II. *Standard of Review*

In determining whether to grant a motion for belated appeal, this court does not reverse the circuit court's conclusion of law on the basis of its findings of fact unless the conclusion is clearly erroneous. *Beene v. State*, 2018 Ark. 380, 562 S.W.3d 826. It is well settled that the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

## III. *Analysis*

The circuit court concluded that the preponderance of the evidence demonstrated that Marek did not make it clear to Cannon that he wanted to appeal his conviction. However, the question is whether the evidence demonstrates that Marek specifically advised Cannon to abandon the appeal. *Cribbs v. State*, 2019 Ark. 367.

The direct appeal of a conviction is a matter of right, and a criminal defendant cannot be denied his first appeal because counsel has failed to follow mandatory appellate rules. *Peoples v. State*, 2019 Ark. 90. Under no circumstances may an attorney who has not been relieved abandon an appeal. *Id.* Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall

---

[2]The circuit court is asking for an opinion regarding the possibility of any effect an appeal in this matter might have on Marek's sentence for the parole violation. It is well settled that this court will not issue an advisory opinion. *Ark. Pub. Def. Comm'n v. Pulaski Cty. Cir. Ct.*, 2010 Ark. 224, 365 S.W.3d 193.

continue to represent a convicted defendant throughout any appeal unless permitted by the circuit court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i); *Martin v. State*, 2020 Ark. 204. A defendant may nevertheless waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Id.* Counsel is not entitled to abandon the appeal solely because there was no money for an appeal. *Parker v. State*, 303 Ark. 185, 792 S.W.2d 619 (1990) (per curiam).

Here, Marek did not direct counsel to abandon his appeal. Instead Marek told Cannon that he could not afford "the price quoted" by Cannon. *Cribbs*, 2019 Ark. 367. When Marek advised counsel that he could not afford the fees associated with an appeal, Cannon was still obligated to pursue an appeal or to file a motion asking to be relieved as counsel. *Finnie v. State*, 265 Ark. 941, 582 S.W.2d 19 (1979). Cannon was not entitled to abandon the appeal solely because Marek could not pay the fees. *Parker*, 303 Ark. 185, 792 S.W.2d 619. Merely informing counsel that a defendant cannot afford to pay the fees for an appeal does not support a finding that the defendant did not wish to pursue an appeal. *Id.*

As stated, under the circumstances set out in the record on remand, Marek is entitled to proceed with a direct appeal. Although Marek filed the motion for a belated appeal pro se, Cannon had not been relieved as counsel; therefore, he remains the attorney of record and the appeal is to be docketed reflecting as much. Marek is granted in forma pauperis status for the purpose of preparing the transcript on appeal, and Cannon is directed to file

an appropriate petition for writ of certiorari to complete the record lodged in this appeal within fourteen days from the date of this order. The motion for belated appeal is granted. The motion for appointment of counsel is moot as Marek is still represented by counsel who has neither asked nor been permitted to withdraw. *See* Ark. R. App. P.–Crim. 16 (b).

Motion for belated appeal granted; in forma pauperis status granted; motion for appointment of counsel moot; remanded to the court of appeals for further action.

Special Justice BOB HORNBERGER joins in this opinion.

WEBB, J., not participating.