## IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS AND APPOINTMENT OF A GUARDIAN FOR Christina Marie HUTTON and Lisa Ann Hutton, Minors
Said Guardian to have Authority to Consent to Adoption Without Notice to or Consent of the Natural Parent or Parents
Charlene Diane Hutton, Mother
David Edward Hutton, Father

88-274                                                    785 S.W.2d 33

Supreme Court of Arkansas
Opinion delivered March 12, 1990

*Williams, Schrantz & Wood, P.A.*, by: *Stephen Lee Wood*, for petitioners Charlene Diane Hutton and David Edward Hutton.

*Dianne C. Boyd*, Asst. Gen. Counsel, Arkansas Dep't of Human Services, for respondent.

PER CURIAM. On July 29, 1988, the Benton County Probate Court entered an order finding that custody of the petitioners' children should continue with the Department of Human Services for foster care placement and that Human Services should

proceed with a petition for guardianship with authority to consent to adoption. Petitioners appealed to this court, and on September 12, 1988, we granted petitioners' motion to proceed *in forma pauperis* and ordered that the transcript be furnished at the State's expense.

On March 20, 1989, we reversed the decision of the probate court and remanded the case for further proceedings. According to the petitioners, a hearing was held on October 10, 1989, in the Benton County Chancery Court, and on January 2, 1990, the court ordered that the petitioners' children be taken from them and placed for adoption in a suitable home, or placed in long term foster care until an adoptive home could be found.

Petitioners appeal the court's decision and make a motion for leave to proceed *in forma pauperis*, for filing fees, for costs for transcription of the October 10, 1989, hearing, and for attorney's fees as allowed under Ark. Code Ann. § 9-27-316 (Supp. 1989). To be consistent with our action taken in the first appeal, we grant the motion for leave to proceed *in forma pauperis* and for filing fees and order the State to pay costs of transcription. However, we remand for a determination by the trial court as to the petitioners' entitlement to attorney's fees from the Juvenile Court Representation Fund as prescribed by Ark. Code Ann. § 9-27-316 (Supp. 1989).

PRICE, J., not participating.