## Mary Nelson BOGACHOFF *v.*
## ARKANSAS DEPARTMENT of HUMAN SERVICES

04-1183                                    200 S.W.3d 884

Supreme Court of Arkansas
Opinion delivered January 6, 2005

*John Atkins Crain*, for appellant.

*Gray Allen Turner*, for appellee.

PER CURIAM. This case is an appeal from an order entered by the Baxter County Circuit Court, Juvenile Division, on February 6, 2004, terminating the parental rights of Appellant Mary Nelson Bogachoff. While counsel appointed by the circuit court to represent Ms. Bogachoff filed a timely notice of appeal on March 4, 2004, the record was not timely filed with our clerk. Ark. R. App. P.—Civ. 5(a) (2004). Eventually, on November 4, 2004, the Department of Human Services (DHS) filed a partial record along with its motion to dismiss the instant appeal. Ark. R. App. P.—Civ. 5(c) (2004).

The partial record does not contain an affidavit of indigency, but the notice of appeal filed by appointed counsel states that Ms. Bogachoff "has filed a petition for indigency concerning the

payment to the court reporter pursuant to A.C.A. 16-13-510 for preparation of the record on appeal." In Ms. Bogachoff's response to DHS's motion to dismiss, appointed counsel also indicates the circuit court ruled that Ms. Bogachoff was not entitled to a record *in forma pauperis*. The court also refused to allow appointed counsel to withdraw. Furthermore, Ms. Bogachoff states in her response that "she has not been able to afford or transmit the funds necessary for the preparation of a record or transcript," and, consequently, the record was not timely filed.

If this were a criminal case and appointed counsel failed to tender the record to this court within ninety days of the date of the notice of appeal as required by Ark. R. App. P.—Civ. 5 (2004), Mrs. Bogachoff could have petitioned this court *pro se* for a rule on the clerk to enable her to file the record and thereby perfect her appeal. *Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992). Pursuant to Ark. R. App. P.—Crim. 16 (2004), trial counsel shall continue to represent a convicted defendant throughout any appeal to the appellate court, unless permitted by the trial court or the appellate court to withdraw. Even if there are insufficient funds to pay for the appeal transcript, an attorney cannot abandon the convicted defendant solely because there is no money for an appeal. *Jackson v. State*, 325 Ark. 27, 923 S.W.2d 280 (1996); *Parker v. State*, 303 Ark. 185, 792 S.W.2d 619 (1990). An attorney, knowing the convicted defendant desires to appeal, is obliged under Ark. R. App. P.— Crim. 16, regardless of the defendant's financial circumstances, to file the notice of appeal and then file a partial record, consisting of at least the judgment and notice of appeal, in the appellate court with a motion to be relieved containing a statement of the reason for the request to withdraw. *Jackson v. State, supra*. It is well settled under our case law and appellate rules of procedure that a convicted defendant may not be penalized for his or her attorney's failure to tender the record in accordance with the rules of procedure. *Atkins v. State, supra*. Therefore, this court has found such an error to be good cause to grant a *pro se* motion for rule on the clerk in a criminal case. *Norman v. State*, 323 Ark. 444, 916 S.W.2d 724 (1996). No such remedy, however, exists for appellants in civil cases. Thus, Ms. Bogachoff should not be penalized for her failure to file a motion for rule on the clerk.

Under our recent decision in *Linker-Flores v. Ark. Dept. of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), indigent parents have a right to an appeal from a judgment terminating

parental rights. In connection with such appeals, the Supreme Court has held that a state may not condition the appeal on the parent's ability to pay record preparation fees. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996). Furthermore, we have previously allowed an indigent parent to proceed *in forma pauperis* and ordered that the transcript be furnished at the State's expense. *Petition of Hutton*, 301 Ark. 538, 785 S.W.2d 33 (1990). Accordingly, because Ms. Bogachoff has a right to an appeal from the termination of her parental rights, and that right cannot be conditioned on her ability to pay for the preparation of a record, we must deny DHS's motion to dismiss the appeal. Ms. Bogachoff is ordered to file an affidavit of indigency within 30 days and a petition for writ of certiorari to complete the record.

Motion to dismiss denied.

GUNTER, J., not participating.