Sherry CHILDERS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

05-30                                    202 S.W.3d 529

Supreme Court of Arkansas
Opinion delivered February 3, 2005

*Gary Allen Turner*, for appellee.

No response.

PER CURIAM. This case is an appeal from an order entered by the Sebastian County Circuit Court, Fort Smith District, Juvenile Division, on December 18, 2003, terminating the parental rights of Appellant Sherry Childers. Counsel appointed by the circuit court to represent Ms. Childers filed a timely notice of appeal on January 15, 2004, and an order extending the time to file the record until June 4, 2004, was entered by the circuit court. See Ark. R. App. P.—Civ. 5(b). The time granted under the extension order passed, and the record was not timely filed with our clerk. See Ark. R. App. P.—Civ. 5(a) (2004). Eventually, on January 7, 2005, the Department of Human Services (DHS) filed a partial record along with its motion to dismiss the instant appeal. Ark. R. App. P.—Civ. 5(c) (2004). The partial record does not contain an affidavit of

indigency, but the notice of appeal filed by appointed counsel states that Ms. Childers "has been found to be indigent and the undersigned lawyer . . . was appointed to represent her."

■ If this were a criminal case and appointed counsel failed to timely tender the record to this court as required by Ark. R. App. P.—Civ. 5 (2004), Ms. Childers could have petitioned this court *pro se* for a rule on clerk to enable her to file the record and thereby perfect her appeal. *Atkins v. State*, 308 Ark. 675, 827 S.W.2d 636 (1992). No such remedy, however, exists for appellants in civil cases. *Bogachoff v. Arkansas Dept. of Human Services*, 360 Ark. 259, 200 S.W.3d 884 (2005). Thus, Ms. Childers should not be penalized for her failure to file a motion for rule on clerk.

■■ Under our recent decision in *Linker-Flores v. Ark. Dept. of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004) (*Linker-Flores v. Ark. Dept. of Human Services II*), indigent parents have a right to an appeal from a judgment terminating parental rights. We have also held that indigent parents are entitled to court-appointed counsel on appeal. *Linker-Flores v. Arkansas Dept. of Human Services*, 356 Ark. 369, 149 S.W.3d 884 (2004) (*Linker-Flores v. Ark. Dept. of Human Services I*). Thus, Ms. Childers's appointed attorney is obligated to proceed with her appeal in accordance with the procedures recently adopted by this court for appeals involving indigent parents in termination cases. See *Linker-Flores v. Ark. Dept. of Human Services II, supra; Bogachoff v. Arkansas Dept. of Human Services, supra.* More specifically, Ms. Childers's right to appeal from the termination of her parental rights cannot be conditioned on her ability to pay for the preparation of a record. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996). If Ms. Childers's is unable to afford the preparation of a transcript, she may proceed *in forma pauperis*, and the transcript shall be furnished at the State's expense. *Bogachoff v. Arkansas Dept. of Human Services, supra; Petition of Hutton*, 301 Ark. 538, 785 S.W.2d 33 (1990). Furthermore, if appointed counsel, after a conscientious review of the record, believes the appeal is frivolous, counsel should file a no-merit brief with this court along with a petition to withdraw as counsel. *Linker-Flores v. Ark. Dept. of Human Services II, supra.*

■ Because the *Linker-Flores* and *Bogachoff* cases were decided well after Ms. Childers's extended time for filing the record had expired, we will not penalize her or her attorney for failing to

comply with the court's directives set forth in those decisions. Instead, we now direct Ms. Childers's appointed attorney to proceed with the appeal in a manner consistent with the procedures adopted by this court in the *Linker-Flores* and *Bogachoff* cases. If Ms. Childers has chosen to waive her right to an appeal, she should file an affidavit of waiver with this court.

Motion to dismiss denied.