Sherry CHILDERS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

05-30                                                      210 S.W.3d 60

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*Janet L. Bledsoe*, Attorney *Ad Litem*, for appellant.

*Gray Allen Turner*, for appellee.

P ER CURIAM. This case is an appeal from an order entered by the Sebastian County Circuit Court, Fort Smith District, Juvenile Division, on December 18, 2003, terminating the parental rights of Appellant Sherry Childers. Counsel appointed by the circuit court to represent Ms. Childers filed a timely notice of appeal on January 15, 2004. On April 16, 2004, the circuit court entered an order extending the time to file the record until June 4, 2004. *See* Ark. R. App. P. – Civil 5(b). The time granted for the extension passed, and the record was not timely filed with our clerk. *See* Ark. R. App. P. – Civil 5(a) (2004). Eventually, on January 7, 2005, the Department of Human Services (DHS) filed a partial record along with its motion to dismiss the appeal. Ark. R. App. P. – Civil 5(c) (2004). On February 3, 2005, we issued a per curiam, directing Ms. Childers's attorney to proceed with the appeal by (1) filing a no–merit brief, as established in *Linker-Flores v. Ark. Dept. of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004); (2) filing an affidavit of waiver; or (3) filing an affidavit of indigency and a writ of certiorari to complete the record, pursuant to *Bogachoff v. Arkansas Dept. of Human Services*, 360 Ark. 259, 200 S.W.3d 884 (2005).

The complete record was tendered to the clerk on February 14, 2005. The fee bill for the record (prepared by the circuit clerk) indicated that the record was completed on April 16, 2004. On February 22, 2005, Childers's attorney filed a motion to accept the record and set a briefing schedule. The motion did not indicate why the record was not secured from the circuit clerk and filed before the deadline, as extended, of June 4, 2004. Accordingly, we remanded the question of attorney error to the trial court to make findings of fact.[1] *Childers v. Arkansas Dept. of Human Services*, 361 Ark. 227, 205 S.W.3d 795 (2005).

On May 6, 2005, the circuit court held a hearing and found that Dale Arnold, the attorney representing Ms. Childers at trial, associated David L. Dunagin to pursue the appeal. Furthermore, the court found that the record was filed with the circuit clerk on

---

[1] We also directed the clerk of this court to file the complete record and set a briefing schedule.

April 16, 2004, and that on that same day, the court entered an order prepared by Mr. Dunagin and Mr. Arnold extending the time for filing to June 4, 2004. Finally, the court noted that Mr. Dunagin advised the court that the record was not tendered to the clerk on or before June 4, 2004, because he had determined that the ninety days for filing the record from the notice of appeal had expired on April 15, 2004. Moreover, Mr. Dunagin had not attempted to file a motion for rule on the clerk because such motions had not previously been granted in termination-of-parental-rights cases.

█ Based on these findings of fact, we conclude that Mr. Dunagin is at fault for the belated filing of the record based on his failure to file the record or receive an extension on or before April 15, 2004. We therefore direct the clerk to forward a copy of this opinion to the Arkansas Supreme Court Committee on Professional Conduct.