Lavell EVANS *v.* STATE of Arkansas

CR 07-276                                      260 S.W.3d 265

Supreme Court of Arkansas
Opinion delivered June 28, 2007

*Gary McDonald*, for appellant.

No response.

P ER CURIAM. Gary McDonald, counsel for Appellant Lavell Evans, petitions this court to be relieved as counsel. Accompanying his motion is Appellant's affidavit in support of his request to proceed in forma pauperis pursuant to Ark. Sup. Ct. R. 6-6 (2007).

Under Ark. R. App. P.–Crim. 16 (2007), McDonald is required to represent Appellant until he has been relieved as counsel by the trial court or by a state appellate court. McDonald requests to be relieved as counsel because continuing to represent Appellant would cause him undue financial hardship or professional peril. Specifically, Mr. McDonald explains that, in order to move forward with the appeal, he must lodge the record with the clerk. Otherwise, he will be reported to the Supreme Court Committee on Professional Responsibility. In order to lodge the record, McDonald must pay $4,000, as the court reporter will not provide him the record free of charge. Additionally, if not relieved as counsel, McDonald would expend time and money preparing the abstract and our briefing requirements.

Ark. R. App. P.–Crim. 16(a) governs trial counsel's duties with regard to appeal. It provides:

(a) Trial counsel, whether retained or court-appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

In interpreting this statute, we have held that an attorney who has not been relieved as counsel may not, under any circumstances, abandon an appeal. *Holland v. State*, 358 Ark. 366, 190 S.W.3d 904 (2004). In *Bogachoff v. Arkansas Department of Human Services*, 360 Ark. 259, 200 S.W.3d 884 (2005), we held that:

Even if there are insufficient funds to pay for the appeal transcript, an attorney cannot abandon the convicted defendant solely because there is no money for an appeal. An attorney, knowing the convicted defendant desires to appeal, is obliged under Ark. R. App. P.–Crim. 16, regardless of the defendant's financial circumstances, to file the notice of appeal and then file a partial record, consisting of at least the judgment and notice of appeal, in the appellate court with a motion to be relieved containing a statement of the reason for the request to withdraw.

*Id.* at 260, 200 S.W.3d at 885 (citations omitted). In addition to the requirement to file a notice of appeal, the judgment, and a motion to be relieved, we held in *James v. State*, 329 Ark. 58, 945 S.W.2d 941 (1997), that an attorney must submit supporting documentation such as an affidavit of indigency.

Here, McDonald has filed a notice of appeal and a partial record, and he has stated specific reasons for his request to withdraw. Appellant has submitted an affidavit of financial means and an affidavit in support of his request to proceed in forma pauperis.

Based on the foregoing conclusions, we find that Appellant is indigent, and we appoint McDonald as counsel for Appellant. Accordingly, we deny McDonald's motion to be relieved as counsel. We direct counsel to file a petition for writ of certiorari to prepare the record.

Motion denied.