2009 Ark. 404

**Ben SISLER, Appellant**

v.

**Chastine BRAMLETT, Maxine Bram-
lett, and Estate of Scott E. Sis-
ler, Deceased, Appellees.**

No. 09–781.

Supreme Court of Arkansas.

Sept. 10, 2009.

MOTION FOR RULE ON CLERK.

PER CURIAM.

Appellant Ben Sisler, by and through his attorney, Frances M. Finley, has filed a motion for rule on the clerk. The circuit court in this case entered a final order on March 11, 2009, and Finley filed a timely notice of appeal on behalf of her client on April 9, 2009. Under Ark. R.App. P.-Civ. 5(a), the record was due to be filed with this court within ninety days from that date, or no later than July 8, 2009.

Unfortunately, counsel, who had undergone knee surgery in May of 2009, experienced post-operative complications. At a July 6, 2009 appointment with her physician, counsel was scheduled for an outpatient procedure to take place on July 8, 2009. Although the record arrived at counsel's Little Rock office from the Van Buren County clerk's office on July 8, by the time counsel got home from the hospital, this court's clerk's office had already closed. Counsel seeks a motion for rule on clerk, arguing that she inadvertently miscalculated the due date and believed she had one more day in which to lodge the record with this court.

We are unable to grant the motion. In criminal cases, under Arkansas Rule of Appellate Procedure—Criminal 2(e), a petitioner may seek to appeal an order, in some circumstances, despite having failed to comply with the time requirements imposed by the rules governing criminal appeals. No comparable rule exists to perfect an appeal in civil cases. This court has recognized some circumstances where an exception may be appropriate, however, such as cases involving the termination of parental rights where a right to appeal is implicated. *See Childers v. Ark. Dep't of Human Servs.*, 360 Ark. 517, 202 S.W.3d 529 (2005) (per curiam) (refusing to dismiss an appeal in a termination-of-parental-rights case where the parent had failed to timely lodge the record); *Linker–Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004) (holding that indigent parents have a right to an appeal from a judgment terminating parental rights). We have also acknowledged that extraordinary circumstances may exist in other situations not involving the termination of parental rights. *See, e.g., Thomas v. Ark. State Plant Bd.*, 254 Ark. 997–

A,497 S.W.2d 9 (1973) (court found extraordinary circumstances and unavoidable casualty to exist where a tornado destroyed counsel's home and law office, thus warranting the granting of a motion for rule on clerk in a civil case). However, no such circumstances exist here. *See Waste Mgmt. & Transp. Ins. Co. v. Estridge,* 363 Ark. 42, 210 S.W.3d 869 (2005).

Here, although counsel avers that she would have filed the record on July 8 if she had gotten back from the hospital before the close of business hours, she also concedes that she miscalculated the date on which the record was due, stating that she "really thought she had another day" to lodge the record. Accordingly, we cannot conclude that there exists the kind of "unavoidable casualty" that would warrant granting the motion for rule on clerk.

IMBER, J., not participating.