

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-424

| | | |
|---|---|---|
| TAIRA SIMMERING | APPELLANT | **Opinion Delivered** December 17, 2014 |
| V. | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-12-746-1] |
| TADD SIMMERING | APPELLEE | HONORABLE ROBERT HERZFELD, JUDGE |
| | | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Taira Simmering appeals a Saline County Circuit Court order dismissing her motion for change of custody, challenging (1) the trial court's denial of her right to a hearing on the merits of the motion at the conclusion of an emergency hearing, (2) its failure to use the date of the last order of custody as the relevant date for change-of-custody purposes, and (3) its conclusion that there had not been a material change in circumstances. Because we find that the trial court improperly dismissed Taira's motion without a hearing on the merits, we reverse and remand for a full hearing on her motion for a change of custody.

The parties, Taira and Tadd Simmering, have a short-term but active litigation history. They were divorced in July 2012. The divorce decree provided for joint custody of the parties' only child, T.S., with Taira being the primary custodian. In May 2013, the trial court granted Tadd's request for a change of custody. The order gave Tadd sole custody of T.S., set child support, and provided that Taira's visitation would be at Tadd's discretion.

SLIP OPINION

In July 2013, Taira filed a motion to modify visitation and child support. An agreed order was entered on October 21, 2013, modifying child support and providing for set visitation for Taira. Custody remained with Tadd.

Approximately one month later, Taira filed a "Verified Motion for Emergency Custody." This verified pleading requested custody of the child temporarily based on allegations of an emergency. It also sought custody of the child permanently based on allegations of a material change of circumstances.

An emergency hearing was held on December 4, 2013. Because Taira had been unable to serve Tadd with the motion, Tadd was not present at the hearing. Taira presented evidence regarding the alleged emergency facts. Specifically, Taira presented evidence (1) that Tadd was suffering from anger issues and had accosted her at a local restaurant; (2) that in October 2013, Tadd was intoxicated and had physically battered Taira in front of the child; (3) that Tadd was facing criminal charges as a result of the attack; (4) that Tadd had not maintained stable housing and was currently residing with a friend; (5) that Tadd had alcohol issues and had been arrested for DWI in May 2013 and was consuming alcohol while the child was present; and (6) that Tadd had been terminated from his employment and was currently unemployed. The trial court entered an emergency order granting custody to Taira. However, the court noted that it had a potential conflict and transferred the case to another division.

Another hearing on the emergency motion was held on December 18, 2013, in front of a different judge. Both parties were present and presented evidence solely on the issue of

emergency custody.[1]  Taira reiterated the testimony and evidence presented at the previous

emergency hearing.  In addition to the previous evidence, she expounded upon Tadd's alleged

alcohol issues with testimony about another incident that occurred during the summer of

2013, and reported that the child had been injured after Tadd allowed him to ride on a four–

wheeler unrestrained during the spring of 2013.[2]

At the close of the evidence the trial court found that an emergency did not exist and

dissolved the previous emergency order by the court.  Instead of ending its order there,

however, the court dismissed the entire motion over Taira's objection, finding that a material

change in circumstance had not occurred since the October 21, 2013 visitation order had

been entered.  Taira appeals this order.

Taira argues on appeal that the trial court erred in summarily dismissing her motion

for change of custody without a full hearing.  We agree.  Taira filed a verified pleading

seeking emergency relief pursuant to Rule 65 of the Arkansas Rules of Civil Procedure, and

the court conducted hearings pursuant to that rule.  In this type of request for emergency

---

[1]The limited nature of the hearing is revealed several times in the record.  At one point, the court asked, "What's happened since October 10 that would cause there to be an emergency."  Then, in ruling on the relevance of certain evidence, the court asked "What's the relevance? . . . For an emergency." Then during the direct examination of Taira's mother, counsel for Tadd objected stating, "I'm going to object to anything that's not relevant to the emergency motion filed against my client.  This is not a regular custody case, and I just think that this testimony is irrelevant."  The court responded, "It's not irrelevant, but you can keep it shorter.  It's relevant because, if I did find there was an emergency, what is appropriate placement, but let's keep it tight."

[2]In her verified motion, Taira alleged that Tadd was allowing women to spend the night while the child was present, and that the child was primarily residing with relatives since June 2013.  No evidence of these allegations was received at either emergency hearing.

3



relief, temporary relief may be provided upon proof of immediate or irreparable harm without emergency intervention by the court. *See* Ark. R. Civ. P. 65; *see also* Ark. Code Ann. § 9-19-204 (Repl. 2009); 28 U.S.C.A. § 1738A(c)(2)(C); and *Perez v. Tanner* 332 Ark. 356, 965 S.W.2d 90 (1998) (stating that a jurisdictional basis for emergency relief under the Uniform Child Custody Jurisdiction and Enforcement Act and the federal Parental Kidnapping Prevention Act is available only in extraordinary or extreme situations where the immediate health and welfare of the child is threatened). In order for Taira to prevail in her request for emergency relief, the standard is high: immediate or irreparable harm. This is a wholly different type of proof than what is necessary for purposes of determining whether a permanent modification of custody is justified. A non-temporary change-of-custody order need not be made upon a showing of imminent harm but only upon a showing of a material change in circumstances. *See Singletary v. Singletary*, 2013 Ark. 506, 431 S.W.3d 234. Thus, there could conceivably be evidence that might not rise to a level sufficient to prove an emergency, but might still be sufficient to support a finding of a material change of circumstances.

Here, it is clear from the record that the trial court received evidence only on the emergency motion, and Taira was limited to presenting evidence as to those facts constituting an emergency. Yet, the trial court not only denied her request for an emergency temporary order, but also summarily denied her request for a permanent order. As a result, she was denied the opportunity to present evidence on her alternative request for a permanent change

in custody. This was error, and we must reverse and remand to allow Taira to present her evidence on her motion to modify custody.

Because the case is remanded for further evidentiary consideration, we need not decide at this time whether the evidence was sufficient to support a material change of circumstances. However, because the issue will arise on remand, we note (and the parties agree) that the trial court incorrectly utilized the date of the most recent visitation order rather than the date of the last custody order to determine whether a material change in circumstances existed to support modification. A party seeking to modify custody must prove that a material change of circumstances has occurred *since the last order of custody* or that material facts existed at the time of the decree that were unknown to the court. *Lloyd v. Butts*, 343 Ark. 620, 37 S.W.3d 603 (2001) (emphasis added). The material change in circumstances that must be proved in order to modify custody does not have to occur from the date of the last hearing in the case; rather, the changes must occur from the time of the last custody order. *See Gerot v. Gerot*, 76 Ark. App. 138, 61 S.W.3d 890 (2001); *Hollinger v. Hollinger*, 65 Ark. App. 110, 986 S.W.2d 105 (1999).

Reversed and remanded.

GLADWIN, C.J., and HIXSON, J., agree.

*Jensen Young & Houston, PLLC*, by: *Brent Houston*, for appellant.

*Alexander Law Firm*, by: *Shana D. Alexander*, for appellee.