Cite as 2023 Ark. 113

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – RECOMMENDATIONS TO REVISE RULE 5 OF THE ARKANSAS RULES OF APPELLATE PROCEDURE – CIVIL; AND RULES 41 AND 65 OF THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered** June 22, 2023 |

## PER CURIAM

Today, the court publishes for comment proposed amendments to Rule 5 of the Arkansas Rules of Appellate Procedure –Civil, and Rules 41 and 65 of the Arkansas Rules of Civil Procedure.

We express our gratitude to the members of the Supreme Court Committee on Civil Practice for their work. The amendments are set out below in "line-in, line-out fashion"––new material is underlined, and deleted material is lined through.

Today we solicit your comments. Comments should be made in writing on or before August 15, 2023, addressed to Kyle E. Burton, Clerk of the Arkansas Supreme Court and Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201, or by email: rulescomments@arcourts.gov.

## Rule 5. Record -- Time for filing.

(a) *When filed*.

(1) The record on appeal shall be filed by the appellant with the clerk of the Arkansas Supreme Court and docketed ~~therein~~ in the Supreme Court or Court of Appeals within ~~90~~ 120 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as ~~hereinafter~~ provided in this rule.

(2) When, however, an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the record must be filed by the appellant with the clerk of the Supreme Court within ~~thirty (30)~~ 60 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as provided in this rule.

(3) The Circuit Clerk and the Court Reporter must, within 90 days of the filing of the first notice of appeal, or 30 days from the filing of the first notice of appeal in appeals governed by subdivision (a)(2) of this rule, or within 30 days of the time allowed by a prior extension,

(A) provide their respective portions of the record to the appellant, or

(B) inform the appellant of the need for an extension of time for preparing that portion of the record. Failure of the Circuit Clerk or the Court Reporter to provide the appellant with their portion of the record within 90 days of the filing of the first notice of appeal, or within 30 days from the filing of the first notice of appeal in appeals governed by subdivision (a)(2) of this rule, or within 30 days of the time allowed by a prior extension, will serve as notice to the appellant of the need for an extension of time for preparing that portion of the record.

(b) *Extension of time.*

(1) ~~If any party has designated stenographically reported material for inclusion in the record on appeal~~ If either the Circuit Clerk or the Court Reporter has informed the appellant of the need for an extension of time for filing the record on appeal pursuant to subdivision (a)(3) of this rule or has failed to provide that portion of the record to the appellant within the time provided by subdivision (a) of this rule or a prior extension, the appellant may move the circuit court for an extension of time for filing the record on appeal, which must explain the reasons for the extension and be served on all parties to the appeal.

(2) All parties to the appeal may be heard on the motion by filing a response to the motion within five calendar days of the date when the motion is filed. The failure to

respond during that time will be deemed a waiver of the opportunity to be heard on the motion.

(A) A failure to provide the appellee with the five-day opportunity to respond shall not result in dismissal of the appeal or prevent the appeal from being docketed unless the appellee would have had a meritorious objection to the extension.

(3) The circuit court, by order entered before expiration of the period prescribed by subdivision (a)(1) or (2) of this rule or a prior extension order, ~~may~~ must extend the time for filing the record ~~only if it makes~~ when the following ~~findings~~ circumstances exist:

(A) The appellant has filed a motion explaining that the Circuit Clerk or the Court Reporter has informed the appellant of the need for an extension of time for filing the record on appeal pursuant to subdivision (a)(3) of this rule or has failed to provide that portion of the record to the appellant within the time provided by subdivision (a) of this rule or a prior extension ~~the reasons for the requested extension~~ and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion~~, either at a hearing or by responding in writing~~; and

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and either (i) made any financial arrangements required for its preparation; or (ii) filed a petition to obtain the record as a pauper. ~~and~~

~~(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.~~

~~(2)~~ (4) In no event shall the time be extended more than seven (7) months from the date of the filing of the first notice of appeal.

~~(3)~~ (5) If the appellant has obtained the maximum seven-month extension available from the circuit court, or demonstrates (by affidavit or otherwise) an inability to

3

obtain entry of an order of extension, then before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

(c) *Partial record*. Prior to the time the complete record on appeal is filed with the clerk of the Arkansas Supreme Court as provided in this rule, any party may docket the appeal to make a motion for dismissal or for any other intermediate order by filing a partial record with the clerk. At the request of the moving party, the clerk of the circuit court that entered the judgment, decree, or order from which the appeal is taken shall certify the portion of the record designated by that party as being a true and correct copy. It shall be the responsibility of the moving party to transmit the certified partial record to the clerk of the Arkansas Supreme Court.

**Reporter's note:** The Rules historically place the responsibility for obtaining and filing the record on the appellant. Ark. R. App. P. –Civ. 7(c). Placing the responsibility for filing the record on the appellant creates incentive to file records in a timely manner. But the responsibility for compiling the record is on the circuit clerk and the court reporter. Ark. R. App. P. –Civ. 7(a); Ark. Sup. Ct. R. 3-1. Placing the responsibility for compiling a record on the circuit court and the court reporter is a matter of necessity.

Failure to file the record on appeal in the time allowed by Rule 5 may, and often does, result in the appeal not being docketed and therefore not going forward, particularly in civil cases. *See, e.g., Sisler v. Bramlet*, 2009 Ark. 404, 372 S.W.3d 318. A late-filed record in a criminal case may not prejudice the criminal defendant's appeal but can result in ramifications for the appellant's attorney. *In re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam). This set of circumstances puts attorneys for the parties at odds with circuit clerks and court reporters with respect to the timing of compiling and filing records on appeal. The "deadline" for providing the appellant with the record on appeal is the same "deadline" for the appellant filing a record on appeal with the clerk of the Supreme Court. These overlapping deadlines often lead to friction between those compiling the record and those responsible for lodging it and result in an untimely filing of the record on appeal.

This amendment ameliorates the friction between attorneys for the appellant on one hand and circuit clerks and court reporters on the other with the ultimate goal of ensuring that fewer appeals are prejudiced by a late-filed record. It maintains the historic position of placing the responsibility for filing the record on the appellant. It also maintains the responsibility for compiling the record with the circuit clerks and court reporters. But it provides a 30-day window between the time the court reporter and the circuit clerk are to

4

have their respective portions of the record to the appellant and the time the appellant is to file the record with the clerk of the Supreme Court. It also provides a mechanism by which the attorney for the appellant will be entitled to an extension of time either upon being informed by the circuit clerk or the court reporter that an extension is needed or by the failure of either the circuit clerk or the court reporter to provide their portions of the record by the due date.

## Rule 41.  Dismissal of Actions.

(a) *Voluntary Dismissal; Effect Thereof.*

(1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

(3) In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding on his claim although the plaintiff may have dismissed his action.

(b) *Involuntary Dismissal.* In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be ~~mailed~~ filed and sent to the attorneys of record through the court's electronic filing system or by mail, and sent by mail to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

(c) *Dismissal of Counterclaim, Cross-Claim or Third-Party Claim.* The provisions of this rule apply to the dismissal of any counterclaim, cross–claim or third–party claim.

(d) *Costs of Previously Dismissed Action.* If a plaintiff who has once dismissed an action, or who has suffered an involuntary dismissal in any court, commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. For purposes of this rule, the term "costs" means those items taxable as costs under Rule 54(d)(2).

Reporter's Note, 2023 Amendment: Subsection (b) was amended to allow issuance of notice that a case would be dismissed for want of prosecution through the electronic filing system when a party is represented by an attorney. The amendment also requires that the notice be filed of record.

## Rule 65.  Injunctions and temporary restraining orders.

(a) *Preliminary Injunction.*

> (1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

> (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) *Temporary Restraining Order.*

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) *Security.* The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Neither the State of Arkansas, its officers, nor its agencies are required to give security.

(d) *Contents and Scope of Every Injunction and Restraining Order.*

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound*. The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with the parties and the parties' officers, agents, servants, employees, and attorneys.

(e) *Procedure*. When a statute or other applicable law allows for emergency relief, the procedure under subsection (b) will apply unless an applicable statute specifies a different procedure.

★★★

**Addition to Reporter's Notes, 2023 Amendment:** Courts may grant emergency relief under certain circumstances other than when a party strictly seeks an injunction or temporary restraining order. *See, e.g.*, Ark. Code Ann. § 9-37-314 (Juvenile Code providing for emergency custody of at-risk juvenile); § 9-20-215 (Adult Maltreatment Custody Act providing for emergency custody of an adult at risk of maltreatment); § 9-19-204 (Uniform Child Custody Jurisdiction and Enforcement Act providing for emergency custody determinations of children crossing state lines); §28-65-218 (emergency and temporary guardianships); *Simmering v. Simmering*, 2014 Ark. App. 722, 452 S.W.3d 592 (recognizing emergency child custody determinations in purely in-state situations). Although the prior text of Rule 65 made no reference to those emergency relief situations, cases both before and after the 2011 overhaul of the Rule recognize that its procedures apply in those emergency relief situations. *Jones v. Jones*, 51 Ark. App. 24, 29, 907 S.W.2d 745, 748 (1995), *overruled on other grounds by* 326 Ark. 481, 931 S.W.2d 767 (1996) ("The procedural method employed" by the parent "seeking custody of the minor child without notice" to the other parent "is found only under Rule 65 of the Arkansas Rules of Civil Procedure."); *Simmering*, 2014 Ark. App. 722, at 3–4, 452 S.W.3d at 594 (noting that the mother sought emergency relief in the form of custody pursuant to Rule 65). The addition of subsection (e) incorporates this practice into the text of the Rule clarifying that Rule 65's procedures apply when seeking emergency relief unless they conflict with a statutory provision governing the terms under which emergency relief may be granted.