Cite as 2023 Ark. 167

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| | **Opinion Delivered:** November 16, 2023 |
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – ADOPTION OF REVISED RULES 41 AND 65 OF THE ARKANSAS RULES OF CIVIL PROCEDURE | |

**PER CURIAM**

The Arkansas Supreme Court Committee on Civil Practice recommended amendments to Rules 41 and 65 of the Arkansas Rules of Civil Procedure. The proposed amendments were published for comment on June 22, 2023. *See In re Ark. Sup. Ct. Comm. on Civ. Prac. – Recommendations to Revise Rule 5 of the Ark. Rules of App. Proc. – Civ.; & Rules 41 & 65 of the Ark. Rules of Civ. Proc.*, 2023 Ark. 113 (per curiam).

Today, we adopt the amendments to and republish Rules 41 and 65, as set out below in full as well as in "line-in" "line-out" fashion (deleted material is lined through; new material is underlined). The amendments are effective January 1, 2024.

We thank the members of the Civil Practice Committee for their work on this project.

### Arkansas Rules of Civil Procedure
## Rule 41.  Dismissal of Actions.

(a) *Voluntary Dismissal; Effect Thereof.*

(1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a

dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

(3) In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding on his claim although the plaintiff may have dismissed his action.

(b) *Involuntary Dismissal*. In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be filed and sent to the attorneys of record through the court's electronic filing system or by mail, and sent by mail to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

(c) *Dismissal of Counterclaim, Cross-Claim or Third-Party Claim*. The provisions of this rule apply to the dismissal of any counterclaim, cross–claim or third–party claim.

(d) *Costs of Previously Dismissed Action*. If a plaintiff who has once dismissed an action, or who has suffered an involuntary dismissal in any court, commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. For purposes of this rule, the term "costs" means those items taxable as costs under Rule 54(d)(2).

**Reporter's Note, 2023 Amendment:** Subsection (b) was amended to allow issuance of notice through the court's electronic filing system that a case will be dismissed for want of prosecution when a party is represented by an attorney. The amendment also requires the notice to be filed of record.

## Rule 65. Injunctions and temporary restraining orders.

(a) *Preliminary Injunction*.

(1) *Notice*. The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits*. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) *Temporary Restraining Order.*

(1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration*. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing*. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve*. On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) *Security*. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Neither the State of Arkansas, its officers, nor its agencies are required to give security.

(d) *Contents and Scope of Every Injunction and Restraining Order.*

> (1) *Contents.* Every order granting an injunction and every restraining order must:

>> (A) state the reasons why it issued;

>> (B) state its terms specifically; and

>> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

> (2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

>> (A) the parties;

>> (B) the parties' officers, agents, servants, employees, and attorneys; and

>> (C) other persons who are in active concert or participation with the parties and the parties' officers, agents, servants, employees, and attorneys.

(e) When a statute or other applicable law allows for emergency relief, the procedure under subsection (b) will apply unless an applicable statute specifies a different procedure.

**Addition to Reporter's Notes, 2023 Amendment:** The addition of subsection (e) clarifies that Rule 65's procedures apply when seeking emergency relief unless they conflict with a statutory provision governing the terms under which emergency relief may be granted.

## Rule 41.  Dismissal of Actions.

(a) *Voluntary Dismissal; Effect Thereof.*

> (1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

> (2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United

States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

(3) In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding on his claim although the plaintiff may have dismissed his action.

(b) *Involuntary Dismissal*. In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be ~~mailed~~ filed and sent to the attorneys of record through the court's electronic filing system or by mail, and sent by mail to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

(c) *Dismissal of Counterclaim, Cross-Claim or Third-Party Claim*. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim or third-party claim.

(d) *Costs of Previously Dismissed Action*. If a plaintiff who has once dismissed an action, or who has suffered an involuntary dismissal in any court, commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order. For purposes of this rule, the term "costs" means those items taxable as costs under Rule 54(d)(2).

**Reporter's Note, 2023 Amendment**: Subsection (b) was amended to allow issuance of notice that a case would be dismissed for want of prosecution through the electronic filing system when a party is represented by an attorney. The amendment also requires that the notice be filed of record.

**Rule 65.  Injunctions and temporary restraining orders.**

(a) *Preliminary Injunction*.

(1) *Notice*. The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits*. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at

trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) *Temporary Restraining Order.*

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) *Security.* The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Neither the State of Arkansas, its officers, nor its agencies are required to give security.

(d) *Contents and Scope of Every Injunction and Restraining Order.*

    (1) *Contents.* Every order granting an injunction and every restraining order must:

        (A) state the reasons why it issued;

        (B) state its terms specifically; and

        (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

    (2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

        (A) the parties;

        (B) the parties' officers, agents, servants, employees, and attorneys; and

        (C) other persons who are in active concert or participation with the parties and the parties' officers, agents, servants, employees, and attorneys.

(e) *Procedure.* When a statute or other applicable law allows for emergency relief, the procedure under subsection (b) will apply unless an applicable statute specifies a different procedure.

**Addition to Reporter's Notes, 2023 Amendment:** Courts may grant emergency relief under certain circumstances other than when a party strictly seeks an injunction or temporary restraining order. *See, e.g.*, Ark. Code Ann. § 9-37-314 (Juvenile Code providing for emergency custody of at-risk juvenile); § 9-20-215 (Adult Maltreatment Custody Act providing for emergency custody of an adult at risk of maltreatment); § 9-19-204 (Uniform Child Custody Jurisdiction and Enforcement Act providing for emergency custody determinations of children crossing state lines); § 28-65-218 (emergency and temporary guardianships); *Simmering v. Simmering*, 2014 Ark. App. 722, 452 S.W.3d 592 (recognizing emergency child custody determinations in purely in-state situations). Although the prior text of Rule 65 made no reference to those emergency relief situations, cases both before and after the 2011 overhaul of the Rule recognize that its procedures apply in those emergency relief situations. *Jones v. Jones*, 51 Ark. App. 24, 29, 907 S.W.2d 745, 748 (1995), *overruled on other grounds by* 326 Ark. 481, 931 S.W.2d 767 (1996) ("The procedural method employed" by the parent "seeking custody of the minor child without notice" to the other

parent "is found only under Rule 65 of the Arkansas Rules of Civil Procedure."); *Simmering*, 2014 Ark. App. 722, at 3–4, 452 S.W.3d at 594 (noting that the mother sought emergency relief in the form of custody pursuant to Rule 65). The addition of subsection (e) incorporates this practice into the text of the Rule clarifying that Rule 65's procedures apply when seeking emergency relief unless they conflict with a statutory provision governing the terms under which emergency relief may be granted.