Cite as 2025 Ark. App. 115

# ARKANSAS COURT OF APPEALS
### DIVISION IV
No. CV-23-713

| | |
|---|---|
| JOSEPH HART | Opinion Delivered February 26, 2025 |
| APPELLANT | |
| | APPEAL FROM THE BENTON |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 04DR-19-1187] |
| | |
| AMY SEITER WRIGHT | HONORABLE DOUG SCHRANTZ, |
| APPELLEE | JUDGE |
| | |
| | REMANDED TO SUPPLEMENT THE |
| | RECORD; MOTIONS MOOT |

**ROBERT J. GLADWIN, Judge**

Appellant Joseph Hart ("Hart") appeals a Benton County Circuit Court order modifying custody and placing the minor child ("MC") in the primary custody of MC's mother, appellee Amy Wright ("Wright"). Hart argues that the circuit court erred in finding there was a material change in circumstances to warrant modification of custody and that it was in MC's best interest to modify custody. We do not reach the merit of Hart's argument because we must remand for the full record to be supplemented.

### I. *Background Facts*

In May 2022, the parties entered an agreed order wherein Wright's visitation with MC was increased. The agreed order also imposed certain obligations on the parties and set child support. On July 6, 2022, Wright filed a motion for contempt and motion for change

of custody. She alleged that Hart had interfered with her visitation, had moved his family of four into a small camper in Florida, and had refused to provide Wright with their address or information regarding MC's education. The record reflects several other motions for contempt and change-of-custody requests filed by Wright that resulted in a three-day hearing in February 2023.

On February 28, 2023, the Benton County Circuit Court modified custody of MC by removing the child from Hart's custody and placing MC in the primary custody of Wright. Hart filed his timely notice of appeal on March 28. In his notice, Hart designated the "complete and entire record" for inclusion on appeal. However, Hart filed a partial appellate record beginning with the May 4, 2022 agreed order. This appeal followed.[1]

## II. *Discussion*

On appeal, Hart acknowledges that the record does not reflect whether the original custody order concerning MC was issued in a divorce or a paternity action. In his statement of the case, Hart quotes the circuit court: "[T]here had been an order in Sebastian County

---

[1]Wright moved to dismiss the appeal on May 22, 2024, arguing that she was prejudiced by Hart's failure to designate and produce a complete record. In response, Hart maintained that Wright had not been prejudiced by any alleged missing portions of the record and that, in the alternative, this court should order supplementation of the record because Wright had not yet filed her responsive brief. Regarding Hart's alternative motion, Wright asserts that supplementation could not be achieved before the matter was fully briefed; thus, prejudice would result from her having to submit her brief on the partial record. Accordingly, Wright argued that she was entitled to rebriefing should this court grant Hart's alternative motion to supplement. This court entered an order on July 24 passing on both motions until the case was submitted. As the result of the court's ruling today, both motions are hereby moot.

that placed primary custody of the child with the father with some limited visitation to the mother." The circuit court further explained, "[A]nd since that time . . . we've had several temporary hearings . . . and agreed orders were entered and essentially kept custody with the father and started to address the question of reunification of [MC] with the mother."

In response, Wright maintains that Hart failed to present a record sufficient to review his challenge to the circuit court's custody order. We agree. To determine whether there has been a material change in circumstances to justify a change in custody, "[a] party seeking to modify custody must prove a material change of circumstances has occurred *since the last order of custody.*" *Simmering v. Simmering*, 2014 Ark. App. 722, at 5, 452 S.W.3d 592, 595. In *Simmering*, this court explained that the change in circumstances must be from the last custody order—not the last visitation order. *Id.*

Hart argues there was insufficient evidence to substantiate the requisite finding that Wright had proved that a material change in circumstances occurred between the May 4, 2022 agreed order and Wright's July 6 motion for change of custody. However, the May 2022 order modified visitation and child support, it did not adjudicate or modify custody of MC. Our record on appeal does not include the last custody order. We cannot determine, therefore, whether there has been a change in circumstances since the last custody order without full consideration of the circumstances that existed when the last custody order was entered in comparison to the circumstances at the time the change of custody was considered. *See Cordell v. Cordell*, 2018 Ark. App. 521, 565 S.W.3d 500; *see also Simmering*,

*supra*. Accordingly, we remand for the full record to be supplemented within thirty days, after which our clerk will set the briefing schedule.

Remanded to supplement the record; motions moot.

VIRDEN and MURPHY, JJ., agree.

*Jane Watson Sexton*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellee.